IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *v.* | § § § | CASE NO. 6:25-CR-00209-ADA |
| ALEXANDER ETHEREDGE, JR., | § § | |

REPORT & RECOMMENDATION TO DENY
MOTIONS TO SUPPRESS (DKT. NOS. 28, 31)

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, Alexander Etheredge, Jr.'s motions to suppress statements and physical evidence obtained pursuant to a search warrant (Dkt. Nos. 28, 31). The motion is fully briefed, and on February 26, 2026, the Court heard arguments from the parties. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motions be **DENIED**.

## I.      BACKGROUND

On July 9, 2025, a narcotics detective for the Kileen Police Department, Brandon Reeves, applied for a warrant to search the defendant, Alexander Etheredge Jr.'s residence and arrest him under suspicion of drug offenses under Texas state law. *See* Dkt. No. 34-1. In a sworn affidavit, Reeves alleged that a reliable confidential informant ("CI") had observed the defendant using the

residence to sell illegal narcotics. *Id.* at 6–7. Reeves averred that he had personally corroborated the CI's information through his own observations of the defendant outside of his residence, which included witnessing him conduct hand-to-hand drug transactions. *Id.* at 6. That same day, a Kileen Municipal Court judge issued the warrant. *Id.* at 3.

Officers executed the warrant on July 11, 2025 at approximately 5:50 A.M. *See* Gov't's Ex. 2. A search of the residence uncovered, among other things, multiple firearms and cigarettes dipped in Phencyclidine ("PCP"). Dkt. No. 34 at 4. At the scene, Reeves orally advised the defendant of his *Miranda* rights. Gov't's Ex. 2 at 00:47–01:18. The defendant replied that he understood his rights. *Id.* at 01:19–01:21. When asked if the defendant cared if Reeves spoke with him at the jail, the defendant replied, "I don't care, bro." *Id.* at 01:28–01:32.

At approximately 5:00 P.M., Reeves interrogated the defendant at the jail. *See* Gov't's Ex. 2. Before beginning the interrogation, Detective Reeves twice asked the defendant if he still understood his rights. Gov't's Ex. 3 at 0:32–01:50. The defendant replied, "Yes," and the interrogation commenced. *Id.* at 01:51. The defendant made multiple inculpatory statements during his questioning. *See id.* He was released from custody and, on July 17, 2025, a federal warrant was issued for his arrest which charged him as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). *See* Dkt. No. 6. The defendant was not arrested on federal charges until October 3, 2025. *Id.*

The defendant claims that he had smoked a PCP cigarette on the morning of his arrest at or around 2:30 A.M. and was still intoxicated while being advised of his rights. Dkt. No. 28 at 6. As a result, he alleges that he does not recall receiving his *Miranda* warnings and moves to suppress any statements made following his arrest. *Id.* In the alternative, he claims that the arresting officers failed to comply with the Texas Code of Criminal Procedure, *Missouri v.*

*Seibert*, 542 U.S. 600 (2004), or 18 U.S.C. § 3501(c) during his interrogation, rendering his statements inadmissible. *Id.* at 2.

The defendant separately moves to suppress any evidence obtained under the search warrant. Dkt. No. 31. He contends that the warrant was supported by "false and/or misleading evidence," that reliance on it was unreasonable, and that if the improper information was removed from the warrant, it would not establish probable cause for the search. *Id*. at 2.

## II.     LEGAL STANDARD

### A.  Statements.

A defendant must be advised of and given the opportunity to exercise his rights before a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). After he is warned of his rights and allowed the opportunity to exercise them, a defendant may voluntarily, knowingly, and intelligently waive his rights, and any of his subsequent admissions may be used against him. *Id.* at 479. "Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (quoting *Fare v. Michael C.*, 442 U.S. 707, 725 (1979)).  The government must prove that a *Miranda* waiver was voluntarily by a preponderance of the evidence. *United States v. Reynolds*, 367 F.3d 294, 297–98 (5th Cir. 2004) (citing *United States v. Garcia Abrego*, 141 F.3d 142, 170 (5th Cir. 1998)).

### B.  Search Warrant.

Courts generally apply a two-step inquiry to determine whether the fruits of a search warrant should be suppressed. *United States v. Foy*, 28 F.3d 464, 473 (5th Cir. 1994). First, courts consider whether the good faith exception to the exclusionary rule applies. *Id.* If the good

faith exception does not apply, then courts consider whether probable cause supports the warrant.

*Id.* The good faith exception does not apply if any one of four conditions exists:

> (1) the issuing-judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the issuing-judge "wholly abandoned his judicial role" in such a manner that "no reasonably well trained officer should rely on the warrant"; (3) the underlying affidavit is "bare bones" ("so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"); or (4) the warrant is "so facially deficient ... that the executing officers cannot reasonably presume it to be valid[.]"

*United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (quoting *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005)). A defendant challenging the veracity of the information in a supporting affidavit must show by a preponderance of the evidence that the good faith exception does not apply. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002) (citing *Franks v. Delaware*, 438 U.S. 154, 156–57 (1978)).

### III.    ANALYSIS

Because the defendant seeks the suppression of both his statements and the recovered physical evidence, the Court assesses the merits of each motion individually and finds that both should be denied.

### A.  Statements.

The defendant raises four grounds for the suppression of his statements. First, he argues that his statements should be suppressed for violations of the Texas Code of Criminal Procedure. Dkt. No. 28 at 2. Next, he argues that it should be suppressed under 18 U.S.C. § 3501(c). *Id.* Third, he argues that his statement should be suppressed for violations of *Missouri v. Seibert*, 542 U.S. 600 (2004). *Id.* Finally, he argues that his statements should be suppressed for violations of

*Miranda v. Arizona*, 384 U.S. 436 (1966). *Id.* Having considered each ground carefully, the Court finds that none of them warrant the suppression of the defendant's statements.

### 1. The Texas Code of Criminal Procedure Does Not Apply.

The defendant argues that his statements should be suppressed under articles 38.21 and 38.22 of the Texas Code of Criminal Procedure. Dkt. No. 28 at 2. Under these provisions, any oral statements must be electronically recorded and the defendant must be warned of his rights "prior to the statement but during the recording" to be admissible at trial. Tex. Code. Crim. Pro. Ann. art. 38.22(3)(a)(1)–(2). At the hearing, the defendant argued that the officers advised him of his rights at the time of his arrest rather than before his recorded statement, which violated Texas law.

The government disputed the application of these statutes. It claims that state criminal procedures do not apply in federal court. The defendant argued, however, that if evidence state law could not be used to suppress the statements, state officials would be encouraged to use federal criminal proceedings to circumvent state regulations.

In federal court, the exclusionary rule is generally not available as a remedy for state law violations. *See, e.g., United States v. Eastland*, 989 F.2d 760, 765–66 (5th Cir. 1993) (holding that "the contours of the exclusionary rule to be applied in federal court are generally determined by federal, not state, law, even where evidence is obtained solely by state officers"); *United States v. Jones*, 185 F.3d 459, 463 (5th Cir. 1999) (finding that a "state law administrative deficiency" had no bearing on a motion to suppress in federal court); *United States v. Walker*, 960 F.2d 409, 416 (5th Cir. 1992) ("A federal court should not 'use its supervisory power to suppress evidence tainted by gross illegalities that did not infringe the defendant's constitutional rights.'"). In *Eastland*, the Fifth Circuit explained that "a number of obvious, strong policy

considerations militate *against* the exclusion of evidence obtained in violation of state law." 989 F.2d at 766–67 (emphasis added). However, the *Eastland* court ultimately left open the issue of "whether there may be an instance of abuse and/or collusion" so severe as to warrant excluding evidence based on state law. *Id.* at 767 n.11 (citing *United States v. Sutherland*, 929 F.2d 765, 770 (1st Cir. 1991)).

The case before the Court does not present such an instance of abuse. Here, the defendant received and waived his *Miranda* rights on a video recording—it was just on a separate recording from his later confession. *See* Gov't's Exs. 2, 3. Officers twice inquired as to whether he remembered his rights and received an answer in the affirmative before proceeding. Gov't's Ex. 3 at 00:32–01:51. On both videos, the defendant appears coherent and fully capable of understanding his rights. The officers also did not employ unduly coercive or abusive tactics during the defendant's questioning. The defendant cites no authority to suggest that the officer's failure to provide *Miranda* warnings on the same recording as his confession amounts to the level of abuse contemplated by *Eastland*. The Court therefore rejects the defendant's first argument.

### 2.  The Arresting Officers Did Not Violate 18 U.S.C. § 3501(c).

Next, the defendant argues that his statement should be suppressed because he was not timely presented to a federal magistrate judge in violation of 18 U.S.C. § 3501(c). Under § 3501(c), federal courts must suppress any statements made by a defendant more than six hours after his arrest but before presentment to a federal magistrate if the delay in presentment was unreasonable or unnecessary. *Corley v. United States*, 556 U.S. 303, 322 (2009). The time to bring a defendant before a magistrate judge does not begin until the defendant is arrested on federal charges. *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994) ("[T]here can be

no 'delay' in bringing a person before a federal magistrate until, at minimum, there is some obligation to bring the person before such a judicial officer in the first place. Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a *federal* offense.").

The defendant's statements were made on July 11, 2025 when he was arrested by state officials for state offenses. A federal arrest warrant was not issued until July 17, 2025, *see* Dkt. No. 2, and the defendant was not taken into custody for a federal offense until October 3, 2025. Dkt. No. 6. At the time of the interrogation, the state officials had no obligation to bring the defendant before a federal magistrate, and his statement cannot be suppressed for any failure to do so. The Court therefore rejects the defendant's second argument.

### 3. *Missouri v. Seibert* Does Not Apply.

The defendant claims that his interrogation violated *Missouri v. Seibert*, 542 U.S. 600 (2004) but did not argue the issue in his motion or at the hearing. Dkt. No. 28 at 2. Out of an abundance of caution, the Court addresses it and finds that the officers' actions did not violate *Seibert*.

In *Seibert,* the Supreme Court held that law enforcement could not retroactively bless an un-Mirandized confession by reading the defendant his rights and asking him to repeat a pre-*Miranda* confession. 542 U.S. at 613–14. The defendant does not allege that he confessed without *Miranda* warnings and confessed again after he was warned. Rather, he alleges that his pre-confession *Miranda* warnings were inadequate. The Court therefore finds that *Seibert* does not apply.

### 4. The Defendant Waived his *Miranda* Rights.

The defendant finally argues that his statements should be suppressed because he did not knowingly, intelligently, and voluntarily waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Having considered the evidence and the arguments carefully, the Court finds that the government has established that the defendant's *Miranda* waiver was made knowingly, intelligently, and voluntarily.

### i. Voluntariness.

The defendant first challenges his voluntariness based on his alleged intoxication during the interrogation. Dkt. No. 28 at 2–3. At the hearing, the Court asked the defendant to clarify whether he was alleging that the government coerced him into making his statement. The defendant stated that the focus of his argument was on the intoxication and that the intoxication was "inextricably intertwined" with the issue of voluntariness. The Court does not agree.

The United States Supreme Court has made it clear that a statement cannot be ruled involuntary absent evidence of governmental coercion. *Colorado v. Connelly*, 479 U.S. 157, 170 (1986) ("The voluntariness of a [*Miranda* wavier] has always depended on the absence of police overreaching, not on 'free choice' in any broader sense of the word."). A defendant's state of intoxication, "by itself and apart from its relation to official coercion," can never dispose of the voluntariness analysis. *United States v. Blake*, 481 F. App'x 961, 962 (5th Cir. 2012) (unpublished) (quoting *Connelly*, 479 U.S. at 164). Undue governmental coercion may be present if the evidence suggests that officials exploited a defendant's state of intoxication. *See id.* at 963 (finding that the officers had no reason to suspect that the defendant was impaired and therefore could not have exploited his alleged intoxication); *see also Garcia Abrego*, 141 F.3d at

170 ("Police exploitation of the mental condition of a suspect, using 'subtle forms of psychological persuasion,' could render a confession involuntary.").

During his interactions with officers, the defendant remained alert, responsive, and coherent. Video footage of the defendant's behavior at the scene and during his later interrogation reflects the absence of slurred speech, erratic behavior, or any other indicia that would suggest to the officers that the defendant was intoxicated or otherwise unable to comprehend the officer's *Miranda* warnings. The officers clearly advised the defendant of his rights and repeatedly inquired as to whether he understood them, which he affirmed. There is little evidence on the record to suggest that the defendant was intoxicated at the time of his warnings, let alone so intoxicated that he could not render a voluntary waiver—and no indication that the officers purposefully took advantage of an impaired state. Accordingly, the Court rejects the defendant's argument that his allegedly intoxicated state rendered his *Miranda* waivers involuntary.

At the hearing, the defendant alternatively alleged that the twelve hours between the warnings and his later interrogation rendered his statements involuntary. The Fifth Circuit has repeatedly held that the police are not required to continually remind a defendant of his rights following an intelligent waiver. *E.g., Biddy v. Diamond*, 516 F.2d 118, 122 (5th Cir. 1975) (holding that statements made two weeks after *Miranda* warnings were voluntary when the defendant indicated that she remembered her rights); *see also United States v. Alvarado-Palacio*, 951 F.3d 337, 342 (5th Cir. 2020). In determining if the passage of time between a defendant's receipt of his *Miranda* warnings and his confession rendered a statement involuntary, courts generally consider whether there is evidence that the defendant neither understood the warnings nor appreciated their applicability to the questioning. *See, e.g., United States v. Clay*, 408 F.3d

214, 222 (5th Cir. 2005) (citing *United States v. Andaverde*, 64 F.3d 1305, 1313 (9th Cir. 1995));

*see also Evans v. McCotter*, 790 F.2d 1232, 1237–38 (5th Cir. 1986) (finding statements were voluntarily made when there was no evidence that the defendant "forgot his rights" within three hours of receiving his warnings).

Here, there is no evidence to suggest that the defendant no longer understood his *Miranda* warnings or their applicability to his questioning at the time of his confession. The defendant was fully appraised of his rights at the time of his arrest, he confirmed that he understood those rights, and he stated that he still did not "care" if the officers spoke to him at the jail. Gov't's Ex. 2 at 00:47–01:32. At the jail, Detective Reeves twice asked him if he still understood his rights before the interrogation began, and the defendant again confirmed that he did. Gov't's Ex. 3 at 0:32–01:51. From the totality of the circumstances, the Court concludes that the defendant's *Miranda* waiver was voluntary and turns to whether it was knowingly and intelligently made.

### ii.  Knowing and Intelligent.

A waiver is knowingly and intelligently made if it is "made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran*, 475 U.S. at 421. A court making this determination considers the totality of the circumstances, including the defendant's mental deficiencies, age, and familiarity with the criminal justice process. *United States v. Williams*, 420 F. App'x 384, 386 (5th Cir. 2011) (citing *Cooper v. Griffin*, 455 F.2d 1142, 1145 (5th Cir. 1972)).

While the defendant claims that he was impaired at the time he was informed of his rights, the recording reflects that he was able to communicate clearly and coherently with officers at the scene and during his later interrogation. *See* Gov't's Exs. 2, 3. At the time of his

confession, the defendant was thirty-two years old and experienced with the criminal justice system. *See* Dkt. Nos. 3, 5, 6. Considering the totality of the circumstances, the Court finds that the defendant's waiver was knowingly and intelligently made. The undersigned therefore **RECOMMENDS** that the defendant's motion to suppress his statements (Dkt. No. 28) be **DENIED**.

## B.  Search Warrant.

The defendant also moves to suppress the physical evidence recovered pursuant to the search warrant executed on his residence (Dkt. No. 31). The defendant argues that this evidence should be suppressed because  (1) the affiant made false and misleading statements in support of the search warrant, (2) the affidavit was so conclusory as to render the warrant unreasonable, and as a result (3) the issuing authority would not have had a substantial basis to believe probable cause supported the search had the false, misleading, or conclusory statements been excluded. Dkt. No. 31 at 2. At the hearing, government denied the defendant's claims and contested the defendant's standing to challenge the search. The Court first addresses the defendant's standing.

### 1.  The Defendant Has Standing to Challenge the Search.

At the hearing, the defendant provided substantial testimony about the residence. He testified that he did not own the searched residence, that he did not lease the residence, and that he had been staying there "off and on" for several months. The defendant further testified that he had been staying at the residence for three or four nights before the warrant was executed. The government argues that the defendant's lack of ownership or lease interest in the property deprives him of standing to challenge its search. The Court disagrees.

The Court finds that the defendant has standing to challenge the search. An overnight guest in a residence has standing to challenge its search because he has a legitimate expectation

of privacy in his host's home. *Minnesota v. Olson*, 495 U.S. 91, 99 (1990). The Fifth Circuit recognizes that houseguests are entitled to the same constitutional protections that they would otherwise receive in their own homes. *United States v. Taylor*, 482 F.3d 315, 319 (5th Cir. 2007). Because the defendant testified that he was an overnight guest in the searched residence, the Court finds that he had a legitimate expectation of privacy and has standing to challenge the search under the Fourth Amendment.

  2. **The Defendant is not Entitled to a Hearing Under *Franks v. Delaware*.**

The defendant first argues that the good faith rule does not apply because the affidavit in support of the search warrant relied on false statements. Dkt. No. 31 at 7. In the affidavit, the affiant corroborated information from a CI with the fact that he personally observed the defendant making hand-to-hand transactions outside of the residence. *Id.* at 16. But the defendant claims that he never conducted hand-to-hand transactions outside of the residence. *Id.* at 20. The defendant also alleges that the affidavit was "materially misleading" because the affiant claimed he observed the defendant leave the residence in other people's vehicles on multiple occasions. *Id.* at 6–7. The defendant claims that he does not own a car and had been receiving rides from his family members. *Id.* at 20. As a result, the defendant argues, non-criminal behavior was misconstrued as criminal. *Id.* at 7.

The affidavit supporting a search warrant is entitled to a presumption of validity. *Franks*, 438 U.S. at 171–72. A defendant seeking to challenge the veracity of a search warrant must (1) identify statements constituting deliberate falsehoods or a "reckless disregard for the truth" by the affiant and (2) show that the remainder of the affidavit is not sufficient to support a finding of probable cause before he is entitled to a hearing on the issue. *United States v. Brown*, 298 F.3d 392, 395 (5th Cir. 2002) (citing *United States v. Dickey*, 102 F.3d 157, 161–62 (5th Cir. 2002));

Page 12 of 15

*United States v. Jefferson*, 89 F.4th 494, 504 (5th Cir. 2023) (quoting *Franks*, 438 U.S. at 171). The good faith exception does not apply if the defendant shows that the issuing judge was misled by the affiant's material false statements. *Mays*, 466 F.3d at 343.

At the hearing, the defendant generally denied the factual allegations of the affidavit. But he also made repeated, contradictory statements regarding the portions of the affidavit that he challenged, including whether he had even reviewed the affidavit. The Court concludes that the defendant has failed to meet his burden to "point out specifically the portion of the warrant affidavit that is claimed to be false" and accompany those portions with "sworn or otherwise reliable statements" from witnesses to the falsity. *See Franks*, 438 U.S. at 171. The Court also notes that the warrant's averments regarding the reliability of the CI, the CI's observations, and the bona fides of the affiant sufficiently establish probable cause even if the Court were to broadly exclude the affiant's statements about hand-to-hand transactions and vehicles outside the residence. Therefore, the Court concludes that the defendant is not entitled to a *Franks* hearing and rejects this argument.

### 3.  The Affidavit Was Not "Bare Bones" or Conclusory.

The good faith exception also does not apply when the warrant is based on a "bare bones" or conclusory affidavit. *United States v. Barrington*, 806 F.2d 529, 532 (5th Cir. 1986). An affidavit is bare bones when it lacks facts and circumstances from which the issuing magistrate can independently determine probable cause. *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (citing *United States v. Brown*, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991)).

The Court does not agree that the affidavit is bare bones. The defendant argues that the affidavit was bare bones because it relies heavily upon a CI's statements and does not provide sufficient information to allow the magistrate judge to independently assess the CI's reliability.

Dkt. No. 31 at 2–3. The affidavit supporting the search warrant, however, included specific details about the CI's observations, the types of drugs observed, the actions of other individuals observed with the defendant, and the defendant's actions. *See* Dkt. No. 34-1 at 5–6. The affiant further averred that the CI had previously given true and accurate information, and the affiant also included his observations that corroborated the CI's assertions. The Court concludes that the affidavit was not bare bones and the good faith exception applies. Therefore, the undersigned **RECOMMENDS** that the defendant's motion to suppress physical evidence (Dkt. No. 31) be **DENIED**.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, Alexander Etheredge, Jr.'s motions to suppress his statements and physical evidence (Dkt. No. 28, 31) be **DENIED**.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

    **SIGNED** this 24th day of April, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE